UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2150-KK-SPx** | Date: | December 20, 2024 |
|---|---|---|---|

| Title: | *Roe JW 142 v. The Church of Jesus Christ of Latter-Day Saints, et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 15]**

I.
**INTRODUCTION**

On September 6, 2024, plaintiff Jane Roe JW 142 ("Plaintiff") filed a Complaint against defendants the Church of Jesus Christ of Latter-day Saints ("LDS"), Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple"), and the Menifee California Stake ("Menifee Stake") (collectively, "Defendants") in the Superior Court of California, Riverside, alleging, among other things, negligence, negligent supervision of a minor, and sexual abuse of a minor.  ECF Docket No. ("Dkt.") 1-2.  On October 8, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.  Dkt. 1.  On November 7, 2024, Plaintiff filed a Motion to Remand to the Superior Court of California, Riverside.  Dkt. 15-1.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Remand.

II.
**BACKGROUND**

On September 6, 2024, Plaintiff filed a Complaint against Defendants alleging the following claims: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate; (6) breach of mandatory duty; and (7) intentional infliction of emotional distress.  Dkt. 1-2.  The claims arise from

allegations Plaintiff was "repeatedly sexually abused as a child by an adult Church leader beginning in 2006." Dkt. 1 at 5.

On October 4, 2024, Defendants filed an Answer to the Complaint.  Dkt. 1-10.

On October 8, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.  Dkt. 1.  Defendant argues removal is proper because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.  Id.

On November 7, 2024, Plaintiff filed a Motion to Remand to the Superior Court of California, Riverside.  Dkt. 15-1.  Plaintiff argues (1) Menifee Stake is an independent entity, not an entity of defendant LDS, and thus destroys diversity; and (2) Defendants cannot meet their burden to establish Plaintiff's citizenship.  Id. at 5-14.

On November 21, 2024, Defendants filed an Opposition to the Motion to Remand.  Dkt. 24.  Defendants argue (1) Menifee Stake is a local church of defendant LDS and, therefore, is not a separate legal entity with a different citizenship; and (2)  Defendants have met their burden in alleging Plaintiff's citizenship.  Dkt. 24 at 6-15.

On November 26, 2024, Plaintiff filed a Reply.  Dkt. 25.  This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").  Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

### IV.
### DISCUSSION

### A.    MENIFEE STAKE IS NOT AN INDEPENDENT ENTITY WITH JURAL STATUS

#### 1.    Applicable Law

The federal diversity jurisdiction statute provides "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is its "nerve

center" – it is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010). "A corporation's nerve center" will "normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination[.]" <u>Id.</u> Moreover, "[a] division of a corporation does not possess [a] formal separateness" from the corporation, "and thus is not an independent entity for jurisdictional purposes." <u>Breitman v. May Co. California</u>, 37 F.3d 562, 564 (9th Cir. 1994) (quoting <u>Schwartz v. Elec. Data Sys., Inc.</u>, 913 F.2d 279, 284 (6th Cir. 1990)).

### 2.    Analysis

Here, the Court finds Menifee Stake is part of defendant LDS and, thus, is not an independent entity with jural status.

It is undisputed that defendant LDS is incorporated under Utah law as a corporation sole, with a principal place of business in Salt Lake City, Utah. Dkt. 1 at 2-3. Plaintiff argues Menifee Stake is an independent entity from defendant LDS because "[e]ach stake is headed by a Stake President and comprised of State clerks, secretaries, councils, and committees[,]" and therefore, the Stake "maintains it[s] principal place of business in Menifee, California." Dkt. 15-1 at 8-9.[1] However, as acknowledged and alleged in the Complaint, this hierarchy is part of defendant LDS' formation for local churches, and local church leaders are subject to such organization as outlined by defendant LDS' "General Handbook: Serving in The Church of Jesus Christ of Latter-day Saints." <u>See</u> dkts. 1-2 at 7; 15-1 at 8. Indeed, defendant LDS and Menifee Stake being the same entity is underscored by the Complaint's allegations that "Defendant The Church of Jesus Christ of Latter-day Saints (hereinafter "Church"), is and was . . . the religious entity, located at Menifee, California[.]" Dkt. 1-2 at 3. Moreover, Plaintiff cites no authority on point, and the Court has found no authority on point to support the argument that an incorporated church's status does not apply to the incorporated church's various places of worship. <u>See</u> <u>generally</u> dkts. 15-1, 25.

Hence, the Court finds Menifee Stake is part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City, "and thus is not an independent entity for jurisdictional purposes." <u>Breitman</u>, 37 F.3d at 564.[2] Accordingly, Menifee Stake is not an independent entity for jurisdictional purposes.

/// 

///

///

---

[1] Notably, Plaintiff punctuates this assertion with a footnote to the "Meetinghouse Locator" page on defendant LDS' website, where the public can view locations of where to attend defendant LDS' services. <u>See</u> dkt. 15-1 at 10. In addition, the Court notes Plaintiff, in her Complaint, asserts Menifee Stake is a subsidiary of defendant LDS and then argues in her Motion to Remand it is an unincorporated association under California law.

[2] Based on its finding, the Court **DENIES** Plaintiff's request for additional time to conduct discovery and declines to address the fraudulent joinder arguments presented by the parties.

**B.**    **DEFENDANTS SUFFICIENTLY PLEAD MINIMAL DIVERSITY**

**1.**    **Applicable Law**

To be a citizen of a state, "a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). A "natural person's state citizenship is [ ] determined by [their] state of domicile, not [their] state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citations omitted).

The removing party has the burden of pleading minimal diversity. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). "Congress, by borrowing the familiar 'short and plain statement' standard from [Federal Rule of Civil Procedure] 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" Dart Cherokee, 574, U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)). Thus, "[a] party's allegation of minimal diversity may be based on 'information and belief[,]'" and the pleading "need not contain evidentiary submissions.'" Ehrman v. Cox Commc'n, Inc., 932 F.3d 1223 (9th Cir. 2019) (citations omitted).

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. Leite, 749 F.3d at 1122. Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. Ehrman, 932 F.3d at 1228.

**2.**    **Analysis**

Here, Plaintiff makes a facial attack, arguing Defendant's allegations regarding Plaintiff's citizenship are insufficient. Dkt. 15-1 at 19. Contrary to Plaintiff's assertions, the Court finds Defendant's jurisdictional allegations satisfy their burden of pleading minimal diversity. In its Notice of Removal, Defendants allege: "Plaintiff alleges that she is a resident of California. (Richmond Decl. ¶ 3, Ex. A ¶ 3.) The Church is therefore informed and believes, and on that basis alleges, that Plaintiff is a citizen of California as of the date of this Notice of Removal." Dkt. 1 at 3. At this stage, and in light of Plaintiff's facial attack, Defendants need only allege citizenship in their Notice of Removal, which they have done here, see dkt. 1 at 3. Thus, accepting Defendants' allegation "Plaintiff is a citizen of California" as true, the Court finds Defendants have adequately

pled Plaintiff's citizenship.[3] Ehrman, 932 F.3d at 1228 ("[Defendant] alleged the parties' citizenships based on information and belief in its notice of removal.  And, because [plaintiff] asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, those allegations were sufficient [and] . . . . [n]o evidence was required.").

Accordingly, since Defendants sufficiently pled Defendants are citizens of Utah and Plaintiff is a citizen of California, Defendants have met their burden of pleading minimal diversity at this stage.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendants have met their burden to establish minimal diversity and an amount in controversy over $75,000,[4] demonstrating removal is proper. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED**.

---

[3] The Court is not pleased with Plaintiff's apparent gamesmanship regarding Plaintiff's citizenship.  While Plaintiff makes only a facial attack, as apparent from the Declaration of Andrew E. Calderón, dkt. 24-1, Defendants have more than sufficient evidence to satisfy a factual attack. See dkt. 24-4, Declaration of Jeffrey Berkenkamp ¶¶ 4-6 (citing a review of public records establishing, among other things, Plaintiff's current address is in Riverside County, California, Plaintiff is the co-owner of the property at her current address, which was purchased in January 2021, and Plaintiff has continuously had addresses in Riverside County since at least 2006).  Similar frivolous motions will result in sanctions.

[4] The parties do not dispute the amount in controversy exceeds $75,000.